YAMILET CASTANEDA, and other
similarly situated non-exempt
employees

        Plaintiff,

v.                              Case No:  2:17-cv-498-FtM-38CM

REINALDO MARTINEZ,

        Defendant.

_____

## ORDER

    This matter comes before the Court upon review of Defendant Reinaldo Martinez's Motion to Stay Proceedings[,] or in the Alternative Motion for Protective Order that Discovery Not Be Had Pending Resolution of Parallel Proceedings in State Court (Doc. 9) filed on October 5, 2017.  Plaintiff opposes the requested relief.  Doc. 14.  For the reasons discussed below, the motion is due to be granted.

    Plaintiff brought this action for violation of the Fair Labor Standards Act ("FLSA") against Reinaldo Martinez ("Defendant") on August 31, 2017.  Doc. 1.  Defendant is alleged to be Plaintiff's employer as defined by the FLSA.  Doc. 9-1 ¶¶ 27-30.  Plaintiff alleges that Defendant acted directly in the interests of Rei Martinez Enterprises, Inc. d/b/a Paloma Blanca ("REI") and maintained operational control of the business.  *Id.*

    Prior to filing suit in this Court, Plaintiff first brought an action, *Castaneda v. Rei Martinez Enterprises, Inc. d/b/a Paloma Blanca and Reinaldo Martinez*, 11-2015-

CA-694 ("State Court Action") in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida ("State Court") on April 16, 2015. Doc. 9-1. In the State Court Action, Plaintiff alleges that REI and Defendant violated the FLSA and seeks to recover unpaid overtime wages and obtain other relief. *Id.* at 1. On September 14, 2016, the State Court entered an order dismissing without prejudice all counts of Plaintiff's suit with the exception of Count One, an FLSA claim against REI. Doc. 14 at 1; *see also* Doc. 9-1 at 3-5. Plaintiff filed an Amended Complaint in the State Court, which was subsequently dismissed without prejudice. Doc. 14 at 1-2; *see also* Docs. 9-7, 9-8. Plaintiff then filed a Motion to Amend the Complaint, which was denied with prejudice. Doc. 14 at 2; *see also* Docs. 9-9, 9-10. As such, Plaintiff currently is foreclosed from pleading against Defendant in the State Court Action. Doc. 14 at 2. Plaintiff has pending in the State Court Action a Motion for Rehearing/Reconsideration of the order denying with prejudice Plaintiff's Motion to Amend. Doc. 9 at 3. Because of the pending State Court Action, Defendant has requested that this Court either stay these proceedings, or in the alternative, issue a protective order preventing discovery until such time as the State Court Action is resolved. *See generally*, Doc. 9.

Only exceptional circumstances warrant the stay of an action due to parallel state court litigation. *Johnson & Johnson Vision Care, Inc. v. Kenneth Crosby New York, LLC*, No. 3:09-cv-874-J-34MCR, 2010 WL 1030121, at *3 (M.D. Fla. March 17, 2010) ("*Johnson & Johnson*"). In making the determination as to whether exceptional circumstances exist, the Court should consider the following: "(1) whether

one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; . . . (4) the order in which the forums obtained jurisdiction . . . (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights." *Id.*; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1 (1983) ("Moses"); *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) ("Colorado River")). "The weight to be given any one factor may vary greatly depending on the case; however, the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction." *Id.* (quoting *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990)). The analysis of each factor, however, is a pragmatic one, and the Court should analyze the factors with a view towards "the realities of the case at hand." *Leaderstat, LLC v. Abisellan*, 252 F.R.D. 698, 701 (M.D. Fla. 2007) (citing *Moses*, 460 U.S. at 21). A single factor may be sufficient to give the Court cause to stay. *Id.*

Here, neither the State Court nor this Court have assumed jurisdiction over any property. *See generally*, Docs. 1-16. Nor has any party suggested that the federal forum is inconvenient. *See generally*, Docs. 9, 14. Thus, these factors are neutral. The sole factor that militates against a stay is whether state or federal law will be applied. *See Johnson & Johnson*, 2010 WL 1030121 at *3. Because Plaintiff's claims arise under the FLSA, federal law predominates this case. *See generally*, Doc. 1. Accordingly, the federal forum is preferable, which weighs against a stay. *See Johnson & Johnson*, 2010 WL 1030121 at *3.

In contrast, the other factors favor a stay. Looking first at the potential for piecemeal litigation, the Court notes that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Leaderstat,* 252 F.R.D. at 701 (citing *LaDuke v. Burlington Northern Railroad*, 89 F.2d 1556, 1559 (7th Cir. 1989)). This case arises out of the same factual circumstances present in the State Court Action and involves substantially the same claims. *Compare* Doc. 1 *with* Doc. 9-1. Moreover, the State Court Action is filed against an entity related to Defendant, although at present Defendant[1] is no longer a party to the State Court Action. *Id.* However, Plaintiff has filed a Motion for Reconsideration in the State Court Action which, if granted, would reinstate Defendant as a party in that action. *See* Doc. 9 at 3. As such, the Court agrees that the potential for piecemeal litigation is strong, because the Defendant would be required to defend two parallel lawsuits in two different forums, causing Defendant unnecessary inconvenience and expense. *See Leaderstat, LLC*, 252 F.R.D. at 701.

With regard to which forum first obtained jurisdiction, the State Court undisputedly was the first court to obtain jurisdiction in this matter. *See* Doc. 9 at 3; Doc. 14 at 2. Finally, examining whether the State Court provides adequate protection for the parties' rights, the Court finds that it does. *See Johnson & Johnson*, 2010 WL 1030121 at *3. Plaintiff selected the State Court to pursue her

---

[1] The Court notes that pursuant to the FLSA, if Defendant is determined to be an employer within the meaning of the FLSA, he may be held jointly and severally liable for any violations committed by REI. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

claims prior to filing her action in this Court, which indicates that Plaintiff considered the State Court not only to be adequate, but her preferred forum. *See* Doc. 9 at 3; Doc. 14 at 2. Moreover, depending on the outcome of Plaintiff's Motion for Rehearing/Reconsideration, Plaintiff may be able to pursue her claims against Defendant in the State Court. *See* Doc. 9 at 3. Thus, at least until such time as the State Court rules on Plaintiff's Motion for Rehearing/Reconsideration, the Court finds that the State Court provides adequate protection for the parties' rights. *See Johnson & Johnson*, 2010 WL 1030121 at *3.

In sum, the Court finds that exceptional circumstances exist to justify a temporary stay. *See Am. Bankers Ins. Co. of Fla*, 891 F.2d at 884. Taking a pragmatic a view towards "the realities of the case at hand," the Court will stay this case until such time as the State Court rules on Plaintiff's Motion for Rehearing/Reconsideration. *See Leaderstat, LLC*, 252 F.R.D. at 701.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Reinaldo Martinez's Motion to Stay Proceedings[,] or in the Alternative Motion for Protective Order that Discovery Not Be Had Pending Resolution of Parallel Proceedings in State Court (Doc. 9) is **GRANTED.** The matter is **STAYED**, and the Clerk is directed to add a stay flag to the case.

2. The stay shall remain in effect until such time as the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida rules on Plaintiff's Motion for Rehearing/Reconsideration in Case No. 11-2015-CA-694.

3.    Plaintiff shall file a status report with the Court advising the Court of the status of the State Court Action every 30 days from the date of this Order.

4.    Plaintiff is directed to promptly file a notice with the Court once the State Court issues its ruling.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record