UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YAMILET CASTANEDA, and other
similarly situated non-exempt
employees

       Plaintiff,

v.                             Case No:  2:17-cv-498-FtM-38CM

REINALDO MARTINEZ,

       Defendant.

_____

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of the parties' Renewed Joint Motion to Review and Approve the Parties' Proposed Settlement and Thereafter Enter Dismissal with Prejudice (Doc. 22) filed on January 5, 2018.  The parties provided a copy of the Settlement Agreement and General Release.  Doc. 22-2.  The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim, and dismiss the case with prejudice.  Doc. 22.  For the reasons set forth herein, the undersigned respectfully recommends that that the parties' motion be **GRANTED**.

_____

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must

scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Plaintiff, Yamilet Castaneda, on behalf of herself and all others similarly situated,[2] brought this action against Defendant alleging that Defendant did not compensate her with overtime pay in violation of the FLSA.   Doc. 1 ¶ 32.   Defendant was Plaintiff's employer, with operational control of Rei Martinez Enterprises, Inc., d/b/a Paloma Blanca, the business where Plaintiff worked.   *Id.* ¶¶ 6, 24.   Plaintiff was a waitress employed by Defendant between 2006 and 2014.   *Id.* ¶ 15.   The Complaint alleges that Defendant failed to maintain proper time records and made no provision for payment at the statutory required rate of one-and-a-half times Plaintiff's regular rate for hours worked in excess of forty hours per week.   Id. ¶ 18.

On November 6, 2017, the Court granted Defendant's Motion to Stay Proceedings pending a ruling on Plaintiff's Motion for Rehearing/Reconsideration in Case No. 11-2015-CA-694, which was then pending in the Twentieth Judicial Circuit in and for Collier County, Florida.   Doc. 17.   In its Order, the Court directed Plaintiff to file a status report advising the Court of the status of the state court action every thirty days from the date of the Order.   *Id.* at 6.   On December 6, 2017, Plaintiff submitted a Status Report indicating that the parties had resolved the claims at issue and were taking the necessary steps to file appropriate dismissal papers.   Doc. 18 at 1.   When the parties did not file settlement documents by

---

[2] Although Plaintiff brought this action as a class action suit, no class was ever certified by the Court.   *See generally*, Docs. 1-20.

December 20, 2017, the undersigned ordered the parties to file settlement documents on or before January 3, 2018.   Doc. 19.   The parties subsequently submitted their Joint Motion to Review and Approve the Parties Proposed Settlement and Thereafter Enter Dismissal with Prejudice.   Doc. 20.

On December 28, 2017, the Court entered an Order denying without prejudice the parties' motion.   Doc. 21.   The Court noted that the parties had included a mutual general release, which was not supported by independent consideration, and a prohibited confidentiality agreement and further stated that it was unclear whether Plaintiff's attorneys' fees had been negotiated separately as required by *Bonetti*. Doc. 21 at 5-8.   In their present motion, the parties represent that they have corrected the settlement agreement in compliance with the Court's Order (Doc. 21). Doc. 22 at 2.

In the Revised Proposed Settlement Agreement, Defendant agrees to issue one check payable to Yamilet Castaneda in the amount of seven-hundred and fifty dollars ($750.00) for unpaid wages, overtime, expenses, or other compensation and one check payable to Yamilet Castaneda in the amount of seven-hundred and fifty dollars ($750.00) for liquidated damages.   Doc. 22-2 ¶ 1.   The Court notes that the parties have removed the offending confidentiality provision and mutual general release, which were previously included in the earlier-filed Proposed Settlement Agreement. *Compare* Doc. 20-2 §§ D, F *with* Doc. 22-2.

As was previously noted by the Court, each party was independently represented by experienced labor counsel, who vigorously represented their clients'

rights.   Doc. 22 at 6.   The parties submit that to avoid the disruption, expense and uncertainties of further litigation, they desire to settle the matter.   *Id.*   The parties also note that Plaintiffs' probability of success on the merits and any amount awarded is uncertain.   *Id.*   Thus, the parties propose that the settlement represents a reasonable compromise of a disputed claim.   *Id.* at 7.

Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here.   *See e.g., Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As part of the settlement, Defendants further agree to pay Plaintiff's attorneys' fees and costs in the amount of two-thousand, five-hundred dollars ($2,500.00).   Doc. 22-2 ¶ 1.   The parties state the amount of attorneys' fees and costs is reasonable, given that Plaintiff's attorneys have reduced and waived fees incurred in this action, including waiving fees for action taken post-Notice of Settlement.   Doc. 22 at 3.   The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery.   *Id.* at 6-7.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Doc. 22 at 6.

Thus, having reviewed the settlement agreements (Doc. 22-2), the Court recommends the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

The Renewed Joint Motion to Review and Approve the Parties' Proposed Settlement and Thereafter Enter Dismissal with Prejudice (Doc. 22) be **GRANTED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 8th day of January, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 7 -